IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| *ex rel.* PHILLIP WEINER | : | |
| | : | |
| v. | : | Civil Action No. CCB-12-1038 |
| | : | |
| ANCILLARY CARE MANAGEMENT, | : | |
| INC. *et al.* | : | |

## MEMORANDUM

Relator Phillip Weiner filed this *qui tam* action, pro se, under the False Claims Act, 31 U.S.C. § 3730(b), alleging that defendants Ancillary Care Management, Inc. ("ACM") and United Healthcare Networks, Inc. ("UHC") perpetrated fraud by overbilling patients insured by UHC and served by Weiner, a pharmacist and subcontractor of ACM. Based on the documents attached to Weiner's complaint, it appears the gist of his allegations is that ACM billed UHC a larger amount for services Weiner provided some of ACM's insured patients than Weiner, as ACM's subcontractor, actually billed the patients. The effect of this scheme was that the patients were left with a very high co-pay relative to the billed actual cost of the services Weiner provided, and ACM was paid a substantial amount by UHC that it did not pass on to the patients or to Weiner. It is clear from his submissions that Weiner does not believe he was personally harmed by this arrangement—he received what he believed he was owed—but he does assert that ACM was profiting excessively from the difference between its contract with UHC and its contract with Weiner, at the expense of Weiner's patients.

ACM has filed a motion to dismiss for failure to state a claim under Rule 12(b)(6). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even

1

though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim . . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (quotations and citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

While it appears that Weiner filed his complaint in a good faith effort on behalf of his patients to remedy what he believes was wrongful profiteering, he has not stated a claim under the False Claims Act. As the Fourth Circuit recently held, a relator has plead a sufficient *qui tam* action under the Act only where the relator's complaint includes specific allegations of when and how the government was presented with a fraudulent claim for payment. *U.S. ex rel Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 456-57 (4th Cir. 2013) "[T]he critical question is whether the defendant caused a false claim to be presented to the government, because liability

under the Act attaches only to a claim actually presented to the government for payment, not to the underlying fraudulent scheme. . . . Therefore, when a relator fails to plead plausible allegations of presentment, the relator has not alleged all the elements of a claim under the Act." *Id.* at 456 (citations omitted). Here, although Weiner may have plausibly alleged a troubling set of relationships between a private insurer, a provider, its subcontractor, and its patients, even if his allegations rose to the level of actionable fraud, there is no indication a "false claim" was "actually presented to the government for payment." Weiner points out that the harmed patients were, according to his complaint and attachments, in at least some instances former federal employees or the recipients of federal benefits, but there is no indication that the federal government was somehow overbilled by UHC or another government contractor. At most, the alleged overbilling scheme may have inflated the government's insurance costs, but the government is not protected from this kind of incidental harm by the False Claims Act. *See id.* at 457 ("[W]e hold that when a defendant's actions, as alleged and as reasonably inferred from the allegations, *could* have led, but *need not necessarily* have led, to the submission of false claims, a relator must allege with particularity that specific false claims actually were presented to the government for payment."). Accordingly, Weiner's action must be dismissed.

   A separate Order follows.


   ____3/28/13_____           _____/s/_____
   Date                   Catherine C. Blake
                        United States District Judge